WARNER, J.,
concurring specially.
I concur with the majority opinion with the exception of the majority’s determination that the Jupiter Inlet District has standing based upon delegated authority to file its own petition objecting to the Department’s issuance of the dock permit. Although the implementing legislation for the district requires that it be notified of any permit applications within the district, see eh.2000-412, § 5(b)(1), Laws of Fla., such notification of the permit is to allow JID to offer input. It does not give it standing to participate in a section 120.57 hearing which requires JID to have a substantial interest affected by the proposed agency action.
Furthermore, paragraph 7 of the agreement with the Board of Trustees of the Internal Improvement Trust Fund as quoted in the majority opinion reserves to the Board of Trustees the right to determine “whether or not any proposed uses by a third party are compatible with the uses authorized herein.” I interpret this to mean that it is for the Board, and not the JID, to determine whether a permitted use, such as a dock, is compatible. Thus, the Board of Trustees, not JID, has the substantial interest in a permit authorized over the submerged lands described in the agreement with JID.